UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICK BRYAN SANDS,<br><br>  Petitioner,<br><br>  v.<br><br>TAMI HOLT,[1]<br><br>  Respondent. | No.  2:14-cv-2915-TLN-EFB P<br><br><br>FINDINGS AND RECOMMENDATIONS |

Petitioner is a state prisoner proceeding without counsel in an action brought under 28 U.S.C. § 2254.  Respondent moves to dismiss the petition on the grounds that the claims therein have not been properly exhausted.  ECF No. 9.  For the reasons that follow, the undersigned agrees and recommends that the petition be dismissed without prejudice.

**I.    Background**

Petitioner was convicted in California state court of continuous sexual abuse of a child and sentenced to 12 years' incarceration.  ECF No. 1 at 1.  His direct appeal of the conviction was denied, as was his petition for review filed in the California Supreme Court.  *Id.* at 2; ECF No. 12, Notice of Lodging of Documents in Paper, Lodged Document (hereinafter "Lodg. Doc.") Nos. 1-3.  Petitioner filed no state habeas petitions.  ECF No. 1 at 3.

---

[1] Petitioner is incarcerated at Taft Modified Community Correctional Facility, where Tami Holt is the warden.  Accordingly, the court substitutes Tami Holt as respondent in this matter pursuant to Federal Rule of Civil Procedure 25(d).  *Brittingham v. United States*, 982 F.2d 378, 379 (9th Cir. 1992).

1

1    Petitioner filed this petition for a writ of habeas corpus on December 16, 2014.  ECF No.
2 1.  The petition alleges essentially two claims: (1) that the trial court erroneously disallowed
3 evidence of the victim's sexual history and (2) that the trial court erroneously disallowed
4 evidence that a prosecution witness's daughter had been molested.  *Id.* at 5-10.

5    **II.    The Motion to Dismiss**

6    Respondent argues that petitioner has not exhausted any of the claims in the petition and
7 that the petition must therefore be dismissed.  A petitioner who is in state custody and wishes to
8 challenge his conviction in federal court through a petition for writ of habeas corpus must first
9 exhaust state judicial remedies.  28 U.S.C. § 2254(b)(1).  The exhaustion doctrine is designed to
10 afford comity to state courts by giving them the first opportunity to correct the state's allegedly
11 unconstitutional conduct.  *Coleman v. Thompson*, 501 U.S. 722, 731 (1991); *Rose v. Lundy*, 455
12 U.S. 509, 518 (1982); *Buffalo v. Sunn*, 854 F.2d 1158, 1163 (9th Cir. 1988).

13   A petitioner can satisfy the exhaustion requirement by providing the highest state court
14 with a full and fair opportunity to consider each claim before presenting it to the federal court.
15 *Duncan v. Henry*, 513 U.S. 364, 365 (1995); *Picard v. Connor*, 404 U.S. 270, 276 (1971);
16 *Johnson v. Zenon*, 88 F.3d 828, 829 (9th Cir. 1996).  A federal court will find that the highest
17 state court was given a full and fair opportunity to hear a claim if the petitioner has presented the
18 highest state court with the claim's factual and legal bases.  *Duncan*, 513 U.S. at 365; *Keeney v.*
19 *Tamayo-Reyes*, 504 U.S. 1, 8 (1992).

20   The question here is relatively simple, as petitioner made only one challenge to his
21 conviction in California's highest court: his petition for review of the denial of his direct appeal.
22 Lodg. Doc. No. 2.  In that petition for review, the sole claim raised by petitioner was that the
23 Court of Appeal had applied the wrong standard of review to the claims he raised there (the same
24 claims raised here, which challenge certain of the trial court's evidentiary rulings).  *Id* at 2-3.  He
25 did not actually challenge the trial court's evidentiary rulings substantively in his petition for
26 review, and, accordingly, the petition did not provide the California Supreme Court with an
27 opportunity to correct the alleged constitutional errors made by the trial court.  Even if the court
28 had decided the case in petitioner's favor, the only error that would have been corrected would

have been to vacate the Court of Appeals' decision and remand to that court for reconsideration of the issues raised there under the correct standard.  The petition for review simply did not assert separate claims that the trial court had erroneously excluded evidence of the victim's sexual history and of the sexual abuse of a prosecution witness's daughter and thus did not provide the California Supreme Court with an opportunity to address those claims.

In his opposition brief, petitioner notes that his family prepared the instant petition without the aid of an attorney and taking the language directly from the papers filed in the Court of Appeals and the California Supreme Court.  It is not enough, however, that the claims raised here were raised in the appeal to the Court of Appeals.  Petitioner must present these claims to the California Supreme Court to exhaust them.

### III.     Conclusion and Recommendation

Because petitioner has not presented the claims contained in the instant petition to the California Supreme Court, it is hereby RECOMMENDED that respondent's March 30, 2015 motion to dismiss (ECF No. 9) be granted and that the petition be dismissed without prejudice to its renewal when petitioner has properly exhausted his claims.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within fourteen days after service of the objections.  Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).  In his objections petitioner may address whether a certificate of appealability should issue in the event he files an appeal of the judgment in this case.  *See* Rule 11, Rules Governing Section

/////

/////

/////

2254 Cases (the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant).

DATED: November 16, 2015.

/s/ Edmund F. Brennan
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE